# Exhibit A

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

*Office of the Secretary*                                            MEMORANDUM

TO:        MICHAEL FARBIARZ, ESQ., GENERAL COUNSEL

DATE:      1/17/2018

TIME:      3:48PM

SUBJECT: RUBIN PRENDI VS THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY ET AL.

*CASE NO.:N/A*

*INDEX NO.: 28920/17*

*DOCKET NO.: N/A*

TYPE:      SUMMONS

CC:        JAMES BEGLEY, MEGAN LEE

I, NURU HAMZA accept this legal document on behalf of the Office of the Secretary, The
Port Authority of New York and New Jersey.

METHOD OF SERVICE:        Personal

_____
Signature

CLAIMS ADMINISTRATION &
RISK MANAGEMENT

2018 JAN 17  P 4: 33

THE PORT AUTHORITY OF NY NJ
LAW DEPARTMENT

# 2016 12299

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------X

RUBIN PRENDI

Plaintiff,

-against-

CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, PORT AUTHORITY POLICE
DEPARTMENT, POLICE OFFICER DANIEL AMAR (Tax # 47676),
POLICE OFFICER JEREMY KAHN (Tax # 47710),
SERGEANT SPOLLEN(Tax # 43485), JOHN DOES
and/or JANE ROES Nos. 1-10 (whose names are unknown
at this time), ALL OF THE PORT AUTHORITY POLICE
DEPARTMENT and/or NEW YORK CITY POLICE
DEPARTMENT

Defendant.

--------------------------------------------------------X

INDEX No. 28920/17

Date Purchased Sept 20 2017

PORT AUTHORITY OF
OFFICE OF THE SECRETARY

2018 JAN 17 P 3: 48

SUMMONS

To the Person(s) Named as Defendant(s):

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this summons (not counting the day of service itself), or within 30 days after service is complete if this Summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer, a judgment will be entered against you by default for the relief demanded in the Complaint.

DATE: FOREST HILLS, NY
     September 20, 2017

ROCHELLE S. BERLINER, ESQ.,
Attorney for Plaintiff
118-21 Queens Blvd., Ste #504
Forest Hills, NY 11375

**Defendant's Addresses:**
CITY OF NEW YORK
Corporation Counsel
100 CHUCH STREET
NEW YORK, NY 10006

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
4 WORLD TRADE CENTER, 24TH FL
150 GREENWICH STREET,
NEW YORK, NEW YORK 10007

POLICE OFFICER DANIEL AMAR (Tax # 47676)
POLICE OFFICER JEREMY KAHN
SERGEANT SPOLLEN
JOHN F. KENNEDY INTERNATIONAL AIRPORT
PORT AUTHORITY POLICE DEPARTMENT
269 South Service Road
Jamaica, NY 11430

THE PORT AUTHORITY OF NY NJ
LAW DEPARTMENT
2018 JAN 17 P 4: 33
CLAIMS ADMINISTRATION &
RISK MANAGEMENT

Venue: Plaintiff(s) designate(s) **Bronx County** as the place of trial.
The Basis of this designation is : **Plaintiff is a resident in Bronx County**

)ndex # 28920) 17

SUPREME COURT STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                  :
RUBIN PRENDI,                                     :
                                                  :
                              Claimant,           :
            -against-                             :          **VERIFIED COMPLAINT**
                                                  :          (Jury Trial Demanded)
CITY OF NEW YORK, THE NEW YORK CITY               :
POLICE DEPARTMENT, PORT AUTHORITY OF              :
NEW YORK AND NEW JERSEY, PORT AUTHORITY           :
POLICE DEPARTMENT, POLICE OFFICER                 :
DANIEL AMAR (Tax # 47676), POLICE OFFICER         :
JEREMY KAHN (Tax # 47710), SERGEANT SPOLLEN       :
(Tax # 43485), JOHN DOES and/or JANE ROES         :
Nos. 1-10 (whose names are unknown at this time), :
ALL OF THE PORT AUTHORITY POLICE                  :
DEPARTMENT and/or NEW YORK CITY POLICE            :
DEPARTMENT,                                       :
                                                  :
                              Respondents.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff RUBIN PRENDI, by his attorney Rochelle S. Berliner, Esq., for his complaint,

alleges as follows:

## INTRODUCTION

1.      Plaintiff Rubin Prendi ("Mr. Prendi") brings this action, pursuant to 42 U.S.C. §

1983, to redress the deprivation of his federal constitutional rights. Plaintiff also asserts claims

under New York Law and 42 U.S.C. 1988. More specifically, on or about June 22, 2016 at

approximately 10:00 P.M., one of the Defendant Police Officers, Daniel Amar ("Defendant

Amar") or Jeremy Kahn ("Defendant Kahn") or Defendant Officers John Does/Jane Roes No. 1-

10, and Defendant Sergeant Spollen ("Defendant Spollen"), each of whom was a member of the

Port Authority Police Department ("PAPD") or the New York City Police Department

-1-

("NYPD"), engaged in the unlawful false arrest and unlawful imprisonment of Mr. Prendi as well as subjecting him to unnecessary, non-consensual, offensive contact and excessive force during the course of the false arrest and unlawful imprisonment. Mr. Prendi brings suit to redress these aspects of the violation of his federal and state constitutional rights.

### JURY TRIAL DEMANDED

2.      Plaintiff demands trial by jury of all issues properly triable thereby.

### VENUE

3.      Venue is proper for the Supreme Court, County of Bronx, pursuant to N.Y. Unconsolidated Laws, Ch. 179, § 6.

### PARTIES

4.      Mr. Prendi is a citizen of the United States.  He resides in the State of New York, Bronx County.

5.      Defendant Amar was, at all times relevant herein, employed by the PAPD and Defendant Port Authority. Upon information and belief, at all times relevant herein, he was assigned to JFK International Airport in Queens County, New York.

6.      Upon information and belief, Defendant Amar is still employed by the PAPD.  At all times relevant herein, he was acting within the scope of his employment and under color of law.

7.      Defendant Kahn was, at all times relevant herein, employed by the PAPD and Defendant Port Authority.  Upon information and belief, at all times relevant herein, he was assigned to JFK International Airport in Queens County, New York.

-2-

8.     Upon information and belief, Defendant Kahn is still employed by the PAPD.  At all times relevant herein, he was acting within the scope of his employment and under color of law.

9.     Defendant Spollen was, at all times relevant herein, employed by the PAPD and Defendant Port Authority. Upon information and belief, at all times relevant herein, he was assigned to JFK International Airport in Queens County, New York.

10.    Upon information and belief, Defendant Spollen is still a employed by the PAPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

11.    Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 were, upon information and belief, employed by the PAPD and Defendant Port Authority or NYPD and Defendant City of New York  Upon further information and belief, at all times relevant herein, they were assigned to JFK International Airport in Queens County, New York or a precinct not yet known at this time.

12.    At all times relevant herein, Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 were acting within the scope of their employment and under color of law.

13.    The names John Does and/or Jane Roes Nos. 1-10 are fictitious as these defendants' true names are presently unknown.

14.    The Defendants John Does and/or Jane Roes Nos. 1-10 are sued herein in both their individual and official capacities.

15.    That at all times relevant herein mentioned, Defendant Port Authority and/or Defendant City was under an obligation to use reasonable care in the hiring, training, retention,

-3-

and supervision of its employees, including, without limitation, Defendant John Does and/or Jane Roes Nos. 1-10.

16.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.

17.     Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

18.     Defendant City of New York ("Defendant City") is a municipal corporation organized pursuant to the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of some the individually named defendants.

19.     Defendant Port Authority of New York and New Jersey ("Defendant Port Authority") is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York and the laws of the State of New Jersey.

20.     Defendant Port Authority is a body, corporate and politic, created by Compact between the States of New York and New Jersey with consent of the Congress of the United States.

21.     That at all times herein mentioned, Defendant Port Authority, through its Department of Public Safety, operated, controlled and maintained a police force knows as the Port Authority Police Department ("PAPD").

22.     Defendant PAPD is a duly authorized police department, authorized to perform all functions of a police department, and at all relevant times herein mentioned, was acting under the control, direction, and supervision of Defendant Port Authority.

## JOINT AND SEVERAL LIABILITY

23.    That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## ADMINISTRATIVE PREREQUISITES

24.    On September 20, 2016, Mr. Prendi filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest.

25.    At least thirty days have elapsed since Mr. Prendi filed the Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

26.    A 50-h hearing was January 25, 2017.

27.    On September 20, 2016, Mr. Prendi filed a timely Notice of Claim with Defendant  Port Authority with facts and information required under Chapter 179, § 7  of the Unconsolidated Laws of the State of New York.

28.    At least sixty days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been neglected or refused

## FACTS UNDERLYING THE COMPLAINT

29.    The facts stated in this complaint are based, *inter alia*, on the personal knowledge of plaintiff regarding events in which he was directly involved and upon information and belief. The sources of "information and belief" factual statements are primarily documents from the underlying criminal prosecution and related public documents which are currently available to

-5-

plaintiff. These sources may be incomplete, particularly, without limitation, as to numerous documents and court exhibits. This complaint is drawn without the benefit of full discovery proceedings.

30.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

31.     On or about June 22, 2016, during the evening, Mr. Prendi, was on a Jet Blue Airways flight heading to New York from Cancun, Mexico

32.     Jonil Mermaci, a friend of Mr. Prendi, was another passenger on the same flight and had fallen ill.

33.     Mr. Mermaci asked flight attendant, Melinda Simmons, for a blanket which she promptly refused.

34.     After approximately two hours of having chills, Mr. Mermaci again requested a blanket from Melinda Simmons, which was again refused.

35.     An argument between Mr. Mermaci and Ms. Simmons ensued, with Ms. Simmons raising her voice and demanding that Mr. Mermaci sit down.

36.     Mr. Prendi was not involved in this incident.

37.     The incident concluded during that time span with another flight attendant agreeing to give Mr. Mermaci a blanket.

38.     When the flight landed, Defendant Police Officers Amar or Kahn or John Doe No. 1 escorted Mr. Mermaci off the airplane.

39.     Another passenger who was on the same flight, Kreshnick Kajtazaj, another friend of Mr. Prendi, was also escorted off the airplane by Defendant Police Officers Amar or Kahn or John Doe No. 1.

-6-

40.     Mr. Prendi was likewise escorted off the airplane by Defendant Police Officers Amar or Kahn or John Doe No. 1.

41.     Mr. Mermaci and Mr. Kajtazaj were handcuffed almost immediately after exiting the airplane.

42.     Mr. Prendi, Mr. Mermaci and Mr. Kajtazaj were taken to a room inside JFK International Airport, where Defendant Police Officer John Doe No. 2 joined the scene.

43.     Because Mr. Prendi was the only one not handcuffed at this point, Mr. Mermaci asked Mr. Prendi to record the arrest.

44.     As soon as Mr. Prendi took out his cell phone to record the incident, Defendant Spollen grabbed the cell phone out of Mr. Prendi's hand, put Mr. Prendi in handcuffs, and slammed Mr. Prendi into the ground, injuring Mr. Prendi's head, knees, legs, elbows, and hand.

45.     Mr. Prendi was transported to Jamaica Hospital by ambulance, accompanied by Defendant Police Officer John Doe No. 2, where he received a CT scan of his head and was treated for his other injuries, some of which left scars that are still visible.

46.     Mr. Prendi remained in the hospital, handcuffed to his bed, for approximately five hours before being transported to Queens Central Booking.

47.     At approximately 3:00 p.m. the following day, Mr. Prendi was arraigned and charged with Resisting Arrest under New York Penal Law 205.30 and Disorderly Conduct under New York Penal Law 240.20.

48.     Mr. Prendi's case was resolved with an Adjournment in Contemplation of Dismissal even though he is not mentioned in the Criminal Court Complaint as a participant in any of the offenses charged on the Criminal Court Complaint.

-7-

49.     Moreover, the Criminal Court Complaint alleges that an obscenity was directed at only Ms. Simmons and further, the Complaint lacks any assertions that any of the underlying offenses, none of which were crimes, were personally observed by or committed in the presence of any law enforcement officer.

50.     Mr. Prendi's injuries include past and/or continued emotional distress and mental anguish including distrust and fear of police, loss of sleep, loss of liberty, loss of enjoyment of life, humiliation, shame, indignity, deprivation of constitutional rights, stress, pain, scars, and a permanent ban on future flights on Jet Blue Airways.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Deprivation of Rights under 42 U.S.C. § 1983)**

51.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

52.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law and within the scope of their employment

53.     All of the aforementioned acts deprived Plaintiff Rubin Prendi the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

54.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, and/or the Port Authority and Port Authority Police Department, all under the supervision of ranking officers of said departments.

56.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

57.   Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 56, as if fully set forth herein.

58.   The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

59.   As a result of the foregoing, Mr. Prendi was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

### AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

60.   Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61.   On June 22, 2016 one or more of the individual defendants placed handcuffs on and detained Mr. Prendi.

62.   Defendants did not have probable cause to believe that Mr. Prendi had committed any crime. Put simply, Mr. Prendi did not engage in any conduct that warranted his arrest and detention.

63.     Because the individual defendants did not have probable cause to believe that Mr. Prendi had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

64.     As a result of his detention by the individual defendants, Mr. Prendi's liberty was restricted for an extended period of time.   Mr. Prendi suffered psychological injury, and continues to suffer psychological injury.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Imprisonment under 42 U.S.C. § 1983)

65.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 64, as if fully set forth herein.

66.     As a result of the individual defendants' conduct, Mr. Prendi was detained at the airport and/or the precinct and at all times he knew he was detained.   Moreover, Mr. Prendi did not consent to his confinement.

67.     As the behavior of Mr. Prendi provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

68.     As a result of defendants' conduct, Mr. Prendi suffered loss of freedom, physical and psychological injury, and continues to suffer physical and psychological injury.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

69.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 68, as if fully set forth herein.

70.     On June 22, 2016, one or more of the individual defendants, without legal justification or probable cause and with malice arrested Mr. Prendi.

-10-

71.     Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor – a violation of plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

72.     As a result of this baseless prosecution, Mr. Prendi suffered loss of freedom for approximately 17 hours, suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (First Amendment Retaliation under 42 U.S.C. § 1983)

73.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 72, as if fully set forth herein.

74.     At all times relevant herein, Mr. Prendi was simply present and not interfering with Defendant Amar, Defendant Kahn, Defendant Spollen and/or Defendants John Does and/or Jane Roes Nos. 1-10, nor was he obstructing the defendants from effectuating any arrest of Mr. Mermaci and/or Mr. Kajtazaj. His attempted recording of the individual defendants and his speech were obviously protected by the First Amendment, and no reasonably competent police officer would believe otherwise.

75.     Apparently, because Defendant Spollen found Mr. Prendi's assertion of his right to observe and record the police to be offensive, Defendant Spollen retaliated against him by grabbing his cell phone, handcuffing him, and slamming him on to the ground.

-11-

76.     In further retaliation, Defendant Spollen then arrested Mr. Prendi and caused him to be prosecuted on trumped up charges which were based on Defendants Amar, Kahn, Spollen, and Does and/or Roes Nos. 1-10 knowingly false statements.

77.     In so doing, Defendants Amar, Kahn, Spollen, and Does and/or Roes Nos. 1-10, under color of state law, deprived Mr. Prendi of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including but not limited to deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including but not limited to false arrest and false imprisonment; (b) freedom from interference with activity protected by the First Amendment; (c) freedom from retaliatory arrest; (d) freedom from retaliatory prosecution; and (e) freedom from abuse of process.

78.     As a result of the individual defendants' conduct, Mr. Prendi's First Amendment Right to Free Speech was violated.  As a result, Mr. Prendi suffered physical and psychological injury and continues to suffer injury.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

79.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 78, as if fully set forth herein.

80.     The level of force employed by defendants on June 22, 2016 was excessive, objectively unreasonable and otherwise in violation of Mr. Prendi's constitutional rights to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

-12-

81.     As a result of the aforementioned conduct of defendants, Mr. Prendi was subjected to excessive force and sustained physical injuries and psychological injuries and continues to suffer from physical and psychological injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

82.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 81, as if fully set forth herein.

83.     Each individual defendant had an affirmative duty to intervene on behalf of Mr. Prendi, whose constitutional rights were being violated in each defendant's presence by other officers.

84.     The defendants failed to intervene to prevent the unlawful conduct described herein, despite having a realistic opportunity to do so, in violation of Mr. Prendi's rights under the Fourth and Fourteenth Amendments to the United States Constitution

85.     As a result of the foregoing, Mr. Prendi suffered loss of freedom, physical and psychological injury, and continues to suffer physical and psychological injury.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

86.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 85, as if fully set forth herein.

87.     The supervisory defendants personally caused Mr. Prendi's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Violation of Rights under the New York State Constitution)

88.     Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 87, as if fully set forth herein.

89.     Defendants, acting in concert and within the scope of their employment and authority, retaliated against plaintiff for exercising his rights, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution

90.     Defendants, acting in concert and within the scope of their employment and authority, violated plaintiff's right to be free of unreasonable seizure under Article 1, Section 12 of the New York State Constitution.

91.     Defendants, acting in concert and within the scope of their employment and authority, consciously disregarded known and excessive risks to plaintiff's liberty and welfare and engaged in a deliberate and unjustified effort to manufacture guilt against plaintiff in furtherance of a plan to secure and sustain an unjust conviction against him.

92.     Upon information and belief, this included a course of conduct and pattern of behavior whereby defendants, *inter alia*, created and fabricated evidence to create the appearance of probable cause to believe that plaintiff had committed one or more offenses, intentionally and maliciously concealed material exculpatory evidence.

93.     That by virtue of the aforementioned acts, defendants deprived plaintiff of his liberty without due process of law, in contravention of Article 1, Section 6 of the New York State Constitution.

102.    The individual defendants were agents of Defendant Port Authority and/or Defendant City and were at all relevant times acting within the scope of their employment.

103.    As the employer of the individual defendants, Defendant Port Authority and/or Defendant City is responsible for Mr. Prendi's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

104.    Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 103, as if fully set forth herein.

105.    Upon information and belief, Defendant Port Authority and/or Defendant City failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest, initiation and malicious prosecution of Mr. Prendi

106.    Defendant Port Authority and/or Defendant City knew, or should have known in the exercise of reasonable care, the propensities of Defendants Amar, Kahn, Spollen and Does and/or Roes Nos. 1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

107.    As the employer of the individual defendants, Defendant Port Authority and/or Defendant City is responsible for Mr. Prendi's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

108.    Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 107, as if fully set forth herein.

109.    The individual defendants owed a duty to act according to the standard of ordinary care of a police officer.

110.   The individual defendants breached that duty by failing to act as ordinary police officers would.

111.   Upon information and belief Defendant Port Authority and/or Defendant City failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, the initiation and malicious prosecution of Mr. Prendi.

112.   As a result of the individual defendants' conduct, Plaintiff Rubin Prendi has been injured.

113.   The individual defendants were agents of Defendant Port Authority and/or Defendant City and were at all relevant times acting within the scope of their employment.

114.   As the employer of the individual defendants, Defendant Port Authority and/or Defendant City is responsible for the injuries Mr. Prendi suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under State Law)

115.   Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 114, as if fully set forth herein.

116.   Defendants, acting in concert with and within the scope of their employment and authority, engaged in the aforesaid conduct which was extreme, outrageous, shocking, and which exceed all reasonable bounds of decency.

117.   Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

118.    Defendant Port Authority and/or Defendant City is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of *respondeat superior*.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

119.    Plaintiff RUBIN PRENDI repeats and re-alleges the allegations contained in paragraphs 1 through 118, as if fully set forth herein.

120.    Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct in a manner that was careless and negligent as to the emotional health of plaintiff.

121.    Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Prendi.

122.    Mr. Prendi never interfered with the police officers' obligations under the above-described duties.

123.    As a result of Defendants' negligent conduct, Mr. Prendi was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

124.    Defenant Port Authority and/or Defendant City is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants, and/or employees, under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, RUBIN PRENDI prays for the following relief:

(a)    compensatory damages in an amount to be determined at trial, but no less than $250,000;

(b)    punitive damages in an amount to be determined at trial;

(c)    reasonable attorneys' fees pursuant to 42 U.S.C. 1988;

(d)    costs and expenses;

(e)    pre-judgment and post-judgment interest; and

(f)    such other and further relief as is just and proper.

Dated: Queens, New York
September 18, 2017

ROCHELLE S. BERLINER, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 261-5600

By:           /s/

Rochelle S. Berliner

-19-

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the State of New York, hereby affirms, that the undersigned has read the foregoing Verified Complaint, knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not plaintiff is that plaintiff resides in a county other than that in which affirmant maintains her offices.

The grounds of affirmant's belief as to all the matters not stated to be upon affirmant's knowledge as follows: Investigations and contents of affirmant's file.

The undersigned affirms that the foregoing statements are true, under penalty of perjury.


Dated: Queens, New York
       September 18, 2017



                                                    /s/
                                        ROCHELLE S. BERLINER

-20-